## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>KIMBERLEE L. THOMAS,<br><br>                      Debtor. | Chapter 13<br><br>Case No. 18-12019 (BLS)<br><br>**Related D.I.**: **3** |

### OBJECTION TO CONFIRMATION OF PLAN

Shawn R. Thomas, by and through undersigned counsel, hereby objects to confirmation of the above-captioned debtor's (the "**Debtor**") *Chapter 13 Plan* [D.I. 3] (the "**Plan**") and, in support hereof, respectfully states as follows:

1.    On July 31, 2015, Kimberlee L. Thomas (the "**Debtor**") filed a petition for bankruptcy relief pursuant to chapter 13 of title 11 of the United States Code, §§ 101–1532 (as amended, the "**Bankruptcy Code**"), initiating the Debtor's initial chapter 13 bankruptcy case (Case No. 15-11599, the "**First Bankruptcy Case**").

2.    On July 10, 2017, Chief Judge Michael K. Newell, on behalf of the Family Court of the State of Delaware (the "**Family Court**"), entered that certain *Amended Letter Decision and Order* (the "**First Fee Order**") ordering the Debtor to pay attorneys' fees totaling $16,164.00 plus interest (the "**First Fee Award**") to Mr. Thomas as a sanction for the Debtor's violation of custody orders entered by the Family Court. *See First Fee Order* ("It is the intention of this Court that the award of attorneys fees resulting from Mother's Contempt of Court as set forth above is to encourage compliance with the Custody Orders."). A copy of the First Fee Order is attached hereto as **Exhibit A**.

3.    On October 12, 2018, the Debtor filed the *Amended Schedules/Statements* in the First Bankruptcy Case, adding "Bayard, P.A." to her schedule of liabilities as a creditor holding a disputed general unsecured claim in the amount of $16,164.00.

4.     Thereafter, on December 11, 2017, Mr. Thomas filed a Proof of Claim [Claim No. 9] in the First Bankruptcy Case for attorneys' fees awarded pursuant to the First Fee Order in the amount of $16,164.00 plus interest.  On the same day, Mr. Thomas filed the *Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. §§ 101(14A), 523(a)(5), and 1305(A) and Federal Rules of Bankruptcy Procedure 3007 and 7001(f)* in the First Bankruptcy Case, initiating Adversary Proceeding No. 17-51859 (BLS) seeking a determination that the First Fee Award qualified as a nondischargeable domestic support obligation pursuant to section 523(a)(5) of the Bankruptcy Code.

5.     On April 24, 2018, Chief Judge Newell entered a second *Letter Decision and Order* (the "**Second Fee Order**") ordering the Debtor to pay an additional $37,539.00 (the "**Second Fee Award**") in attorneys' fees incurred by and on behalf of Mr. Thomas in connection with the Debtor's "failure to adhere to Court orders throughout the duration of the [custody proceedings before the Family Court]." Second Fee Order at 8.  A copy of the Second Fee Order is attached hereto as **Exhibit B**.

6.     Thereafter, pursuant to discussions between the parties, the Debtor (i) voluntarily dismissed the First Bankruptcy Case and (ii) filed a second petition for chapter 13 bankruptcy relief, commencing the above-captioned chapter 13 bankruptcy case (Case No. 18-12019, the "**Second Bankruptcy Case**").  Together with her petition in the Second Bankruptcy Case, the Debtor filed certain schedules of assets and liabilities which (i) properly list the First Fee Award as a nondischargeable, domestic support obligation totaling $18,552.00 (inclusive of interest accrued thereon), and (ii) improperly list the Second Fee Award as a nonpriority, unsecured claim for $37,539.00 owed to Bayard, P.A.

7. Attorneys' fees owed as a sanction for a violation of a custody order are nondischargeable, domestic support obligations pursuant to section 523(a)(5) of the Bankruptcy Code. *See In re Coleman*, 2012 WL 899556 at *5 (Bankr. D. Del. Mar. 16, 2012); 11 U.S.C. § 523(a)(5).

8. Further, "[a]llowed unsecured claims for domestic support obligations that . . . are owed to or recoverable by a spouse, former spouse, or child of the debtor" are entitled to priority pursuant to section 507(a)(1)(A) of the Bankruptcy Code. 11 U.S.C. § 507(a)(1)(A).

9. Section 1322(a)(2) of the Bankruptcy Code requires that a chapter 13 plan "shall provide for the full payment, in deferred cash payments, of *all claims* entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to particular treatment of a claim." 11 U.S.C. § 1322(a)(2).

10. Accordingly, the Debtor's Plan must provide for payment of the Second Fee Award in full. Specifically, the Debtor's Plan must be amended to reclassify the Second Fee Award as a nondischargeable, domestic support obligation entitled to priority treatment pursuant to section 507 the Bankruptcy Code. For the avoidance of doubt, Mr. Thomas intends to file a nondischargeability complaint to that effect by the deadline set for November 2018.

WHEREFORE, Mr. Thomas respectfully requests that the Court deny confirmation of the Debtor's Plan for the reasons set forth herein, unless the Plan is modified to reflect that Mr. Thomas's claim is a nondischargeable, domestic support obligation entitled to payment in full under the Plan.

|  |  |
|---|---|
| Dated: October 22, 2018<br>Wilmington, DE | BAYARD, P.A.<br><br>*/s/ Evan T. Miller*<br>Curtis P. Bounds (No. 2846)<br>Kara M. Swasey (No. 5114)<br>Evan T. Miller (No. 5364)<br>600 N. King Street, Suite 400<br>Wilmington, DE 19801<br>Tel: (302) 655-5000<br>Fax: (302) 658-6395<br>E-mail: cbounds@bayardlaw.com<br>        kswasey@bayardlaw.com<br>        emiller@bayardlaw.com<br><br>*Attorneys for Shawn R. Thomas* |